UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JORGE DIEGO QUIJANO LOPEZ,<br>a/k/a "Dieguito,"<br><br>*Defendant.* | ~~[PROPOSED]~~<br>**PROTECTIVE ORDER**<br><br>**S1 21 Cr. 187 (LTS)** |

Upon the application of the United States of America and the above-captioned defendant having requested discovery under Fed. R. Crim. P. 16(a)(1)(E), the Court hereby finds and orders as follows:

**WHEREAS**, the Government intends to disclose to the defendant documents, objects, and information, including recordings and electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material";

**WHEREAS**, the Government's Disclosure Material may include confidential and/or sensitive information ("Protectable Information") that may:

1.  Affect the privacy interests of individuals and entities; expose sensitive personal or business information; impede or jeopardize law enforcement efforts; or present a risk of prejudicial pretrial publicity ("Category I"); or

2.  Include particularly sensitive information that requires additional protections because it is not authorized to be disclosed to the public; or may pose immediate safety risks to individuals ("Category II"); and

**WHEREAS,** the entry of a protective order in this case will permit the Government expeditiously to produce Disclosure Material without further litigation or the need for substantial redactions, and will afford the defense prompt access to such materials, in substantially unredacted form, which will facilitate the preparation of the defense;

**IT IS HEREBY ORDERED:**

1.   There is good cause for entry of a protective order and the provisions set forth herein.

2.   Protectable Information so designated by the Government, including any copies thereof or excerpts therefrom, shall not be disclosed by the defendant or defense counsel, including any successor counsel (collectively, "the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action.  All Protectable Information possessed by the defense shall be maintained in a safe and secure manner.

3.   Category I information may be disclosed by the defense to:

    a.   The defendant;

    b.   The following persons (hereinafter, "Designated Persons"):

        i.   investigative, paralegal, secretarial, clerical, and other personnel employed or retained by defense counsel;

        ii.   independent expert witnesses, investigators, or advisors retained by defense counsel in connection with this action; and

        iii.   potential witnesses for purposes of defending this action.

    c.   Such other persons as hereafter may be authorized by the Court.

All Designated Persons to whom Category I information is disclosed in accordance with this provision shall be subject to the terms of this Order.  To the extent Category I information is disclosed to any Designated Persons, defense counsel shall first provide each Designated Person

with a copy of this Order and instruct such Designated Person(s) that they are bound by the terms of this Order. Defense Counsel shall make reasonable efforts to maintain a record of what Category I information has been disclosed to Designated Persons pursuant to this Order, which shall be made available for *in camera* inspection if so directed by the Court.

4. Category II information shall be subject to all protections afforded Category I information under this Order. Notwithstanding the foregoing, Category II information may be disclosed by defense counsel to the defendant only in the presence of defense counsel, whether physical or virtual, for purposes related to this case. The defendant shall not maintain, retain, or keep copies of any Category II information outside of defense counsel's presence.

5. Unless authorized in writing by the Government or by an order of this Court, no Category II information, or information derived therefrom, shall be filed publicly whether excerpted within a filing or as an attachment to a filing. Any filings incorporating, containing, or referencing Category II information shall be redacted and/or filed under seal.

6. The Government may designate Disclosure Material, in whole or in part, as Protectable Information in Category I or Category II by (*i*) communicating such designation in writing to defense counsel by email or other method, or (*ii*) labeling such Disclosure Material as "Subject to Protective Order - Category I" or "Subject to Protective Order - Category II." In the event of any dispute as to the Government's designation of particular Disclosure Material as Protectable Information, whether Category I or Category II, the parties shall meet and confer regarding such dispute, without prejudice to a subsequent application by defense counsel seeking de-designation of such material by the Court. Absent a contrary order of this Court, the Government's designation of Disclosure Material as Protectable Information, as within Category I or Category II, shall be controlling.

3

7.  The defense shall not post any Protectable Information on any Internet site or network site to which persons other than the parties hereto have access, and shall not disclose any Protectable Information to the media or any third party, except as set forth herein.  Subject to the restrictions applicable to Category II information set forth herein, this provision shall not prevent the filing of any Disclosure Material for purposes of any judicial proceeding in this action.

8.  The Government may authorize, in writing, disclosure of Protectable Information beyond that otherwise permitted by this Order without further Order of this Court.

9.  This Order does not prevent the disclosure of any Disclosure Material in any judicial proceeding in this action, or to any judge or magistrate judge, for purposes of this action.  All public filings containing Disclosure Material, or any information derived therefrom, shall separately comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

10. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government, or securely destroy or delete, all Protectable Information within thirty (30) days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in

the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

11. The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order until the Court orders otherwise.

12. This Order may be signed in counterparts and transmitted by facsimile and/or electronic copy, each of which counterparts will be deemed to be an original and which taken together will constitute the Order.

**SO ORDERED:**

Dated: New York, New York
       January 17, 2022
       April

THE HONORABLE LAURA TAYLOR SWAIN
UNITED STATES CHIEF DISTRICT JUDGE
SOUTHERN DISTRICT OF NEW YORK